UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP A. HOLDEN,<br><br>Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,<br><br>Respondents. | Civil Action No. 19-401 (SRC)<br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On or about January 10, 2019, Petitioner filed his habeas petition in this matter. (ECF No. 1).

2. Following briefing, on December 1, 2020, this Court issued an order and opinion denying Petitioner's habeas petition and denying him a certificate of appealability. (ECF Nos. 18-19).

3. On January 4, 2021, this Court received from Petitioner a motion brought pursuant to Federal Rule of Civil Procedure 60(b), in which Petitioner requests that this Court vacate its order denying his habeas petition, permit him to raise a completely new claim based on allegedly "newly discovered" evidence of third-party guilt, and stay this matter pending the exhaustion of this "newly discovered" claim. (ECF No. 20).

4. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v.*

*Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including fraud or mistake, Rule 60(b)(6) permits a party to seek relief form a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

    5. Where a habeas petitioner seeks in his Rule 60(b) motion to raise a new claim for relief which was not contained in his original motion to vacate sentence, including claims raising "newly discovered evidence," his motion is not in fact a Rule 60(b) motion, but instead "is in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 530-32. District Courts are without jurisdiction to consider a second or successive habeas petition unless and until the petitioner seeks and is granted leave to file such a motion by the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3). Where a habeas petitioner files a second or successive habeas petition without previously been granted leave to do so by the court of appeals, this Court is required to either dismiss the motion for lack of jurisdiction or transfer the motion to the Third Circuit as an application for leave to file a second or successive § 2255 motion. *See, e.g., United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015). Transfer, however, will only be warranted where the claim presented in the second or successive petition *prima facie* satisfies one of the criteria for the granting of leave presented in § 2244(b)(2). *Id.* Only two types of claims

will on their face be able to satisfy those criteria – claims based on newly discovered evidence which was not previously available and which would establish by clear and convincing evidence that no reasonable juror could find the petitioner guilty, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 22244(b)(2).

6. Under *Gonzalez*, Petitioner's Rule 60(b) motion is clearly in substance a second or successive habeas petition – it seeks to have the denial of his petition vacated so that he can pursue an entirely new ground for relief.  As Petitioner has not received certification from the Court of Appeals, this Court is without jurisdiction to hear that claim.  *Gonzalez*, 545 U.S. at 530-32; 28 U.S.C. § 2244(b)(3).  This Court must therefore dismiss the motion unless it *prima facie* satisfies one of the two criteria set out in § 2244(b)(2), in which case it must be transferred to the Court of Appeals.  Although Petitioner pins his hopes on allegedly newly discovered evidence – police reports from the fall of 2010 indicating another individual was in possession of a pistol which he believes may have been the murder weapon in his case some eight months after the fact – Petitioner has utterly failed to present any evidence that would even *prima facie* indicate that these reports could not have been discovered previously due to reasonable diligence.  Likewise, the reports Petitioner submits do not even *prima facie* meet the requirement that a newly discovered evidence claim "if proven . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty."  Although Petitioner believes these reports show that another individual possessed the handgun used in his case eight months after the fact, they establish no such thing – the reports Petitioner submits show only that this other individual possessed a pistol of the same caliber and a similar sweatshirt eight months after the shooting in which Petitioner was clearly identified by two eye witnesses, and that

this pistol was used in an unrelated incident for which this other individual was criminally charged. On its face, Petitioner's "newly discovered evidence" claim would not *prima facie* satisfy the requirements of § 2244(b)(2), and his successive habeas petition disguised as a Rule 60(b) motion must therefore be dismissed without prejudice for lack of jurisdiction. *Hawkins*, 614 F. App'x at 582.

7. In conclusion, Petitioner's Rule 60(b) motion (ECF No. 20) is **DISMISSED WITHOUT PREJUDICE** as a successive habeas petition brought without leave of the Court of Appeals. An appropriate order follows.

>  */s/ Stanley R. Chesler*
> Hon. Stanley R. Chesler,
> United States District Judge

Dated: January 8, 2021